FILED

AUG 26

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| PRESTON A. SCOTT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15CV486–HEH |
| | ) | |
| CORRECTIONAL OFFICER | ) | |
| WALKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Action)**

Preston A. Scott, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*,

filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss

any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2)

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28

U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or
> causes to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law . . . .

42 U.S.C. § 1983.

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

2

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

In his Complaint, Scott alleges:[2]

> On October 8, 2013, while at MCV/VCU Medical Center in Richmond, Virginia, I was being pushed back to the offender holding cell by C/O Walker in a wheelchair while in full restraints, per procedures and V.D.O.C. policy (handcuffs, waist shackles, blackbox, ankle shackles). Once we arrived at the holding cell C/O Walker stepped away while behind the chair. I stood to be physically escorted to a seat in the holding cell believing that C/O Walker was behind me, per policy. I proceeded to fall forward as the wheelchair rolled backward pulling my ankle shackles. As a

---

[2] The Court utilizes the pagination assigned to Scott's Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from Scott's Complaint.

result, I fell to the floor head first, without anyone or anything to break my fall. As I regained some consciousness, I noticed only C/O Walker, the other officers and staff I couldn't make out. C/O Walker aided others in placing me back in the wheelchair, and from there C/O Walker wheeled [me] to the emergency room where I was examined and given a CAT scan. It was determined by the emergency room doctor that I had a concussion. I asked C/O Walker why didn't he observe me or provide physical assistance once I stood up? He refused to [answer] my question. I then asked him why did the wheelchair move? He still refused to respond. C/O Walker was negligent in the performance of his duty, and acted outside of his official capacity as a Department of Corrections officer when he violated security policies and procedures in the physical transfer of offenders while in restraints. He should have maintained physical contact/custody of my person as I exited the wheelchair. His negligence caused, and continues to cause me serious bodily injury and irreparable harm to my head. As I suffer chronic headaches constantly.

(Compl. 4–5, ECF No. 1.)

The Court construes Scott's Complaint to raise the following claims for relief:

Claim One: Defendant Walker, a correctional officer, violated Scott's rights "when [he] failed to adhere to [the Virginia Department of Corrections' ("VDOC")] policies that he maintain physical contact/custody with offenders while being moved from one place to another, and/or while standing in full restraints on medical runs away from institution." (*Id.* at 7.)

Claim Two: Defendant Walker was "negligent in the performance of his duty" to ensure that Scott was not injured upon exiting the wheelchair. (*Id.* at 4.)

Claim Three: Defendant Woods, the Ombudsman for the Eastern Region, and Defendant Hudson, the Grievance Coordinator, violated Scott's right to due process under the Fourteenth Amendment[3] "in his attempts to utilize the institutional and departmental informal complaint and grievance procedures to have his grievance heard, and relief granted." (*Id.* at 7.)

Scott seeks declaratory relief, as well as monetary damages. (*Id.* at 7–8.)

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

## III.   SECTION 1983 CLAIMS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that

a person acting under color of state law deprived him or her of a constitutional right or of

a right conferred by a law of the United States. *See Dowe v. Total Action Against*

*Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).   As discussed below, Scott

has failed to allege that the named Defendants have done so.

In Claim One, Scott alleges that Defendant Walker violated Scott's rights "when

[he] failed to adhere to [the Virginia Department of Corrections' ("VDOC")] policies that

he maintain physical contact/custody with offenders while being moved from one place

to another, and/or while standing in full restraints on medical runs away from institution."

(Compl. 7.)  Scott fails to identify which constitutional right this conduct violated.  To the

extent that Scott is alleging that Defendant Walker violated institutional policies,

violations of prison operating procedures do not implicate constitutional rights and are

not cognizable under § 1983. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir.

1990). Accordingly, Claim One will be dismissed.[4]

In Claim Three, Scott contends that Defendants Woods and Hudson violated

Scott's right to due process "in his attempts to utilize the institutional and departmental

informal complaint and grievance procedures to have his grievance heard, and relief

granted." (Compl. 7.) However, Scott has "no constitutional right to participate in

---

[4] To the extent that Scott alleges that Defendant Walker's actions violated his rights under the Eighth Amendment, Scott fails to allege facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Moreover, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. *See, e.g., Chandler v. Cordova*, No. 1:09cv483, 2009 WL 1491421, at *3 n.3 (E.D. Va. May 26, 2009); *Banks v. Nagle*, Nos. 3:07CV419–HEH, 3:09CV14, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009).

## IV.   NEGLIGENCE CLAIM

In Claim Two, Scott alleges that Walker was "negligent in the performance of his duty" to ensure that Scott was not injured upon exiting the wheelchair. (Compl. 6.) An assertion of negligence, however, does not state a claim of constitutional dimension. *See Deavers v. Diggins*, No. 3:13–CV–821, 2015 WL 692835, at *4 (E.D. Va. Feb. 18, 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 835, 836 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). The Court "may decline to exercise supplemental jurisdiction over a claim" if the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Courts "enjoy wide latitude in determining whether or not to retain jurisdiction when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). Because the Court has already dismissed Scott's federal claims, it declines to exercise supplemental jurisdiction over Claim Two. *See Kendall v. City of Chesapeake*, 174 F.3d 437, 444 (4th Cir. 1999). Accordingly, Claim Two will be dismissed without prejudice.

## V.   CONCLUSION

Claims One and Three, brought pursuant to 42 U.S.C. § 1983, will be dismissed.

Claim Two will be dismissed without prejudice.  The Clerk will be directed to note the

disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/_____
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 26 2016
Richmond, Virginia

7